Big Apple Delivery Supply Corp. v Permanent Gen. Assur. Corp.

2026 NY Slip Op 50793(U)

May 15, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Insurance—No-Fault Automobile Insurance--Cancellation of Out-of-State Policy

Big Apple Delivery Supply Corp., as Assignee of Shatima Hemingway, Appellant,

v

Permanent General Assurance Corp., Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 15, 2026

2025-226 RI C

Present: : Wavny Toussaint, P.J., Marina Cora Mundy, Joanne D. QuiÑOnes, JJ

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Freiberg, Peck & Kang, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), dated February 3, 2025. The order granted defendant's motion for summary judgment dismissing the complaint.

[*1]

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.

In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff was ineligible to recover no-fault benefits due to the cancellation of the Pennsylvania automobile insurance policy as a result of the insured's nonpayment of premiums. By order dated February 3, 2025, the Civil Court (Mary A. Kavanagh, J.) granted defendant's motion, finding that "Defendant established that the Pennsylvania policy was properly canceled prior to the date of the accident. Therefore, coverage did not exist." On appeal, plaintiff contends, among other things, that defendant's motion should have been denied because defendant failed to establish that the notice of cancellation had been mailed to the insured.

At the outset, we note that, in the Civil Court, plaintiff argued that Pennsylvania law did not control; however, on appeal, plaintiff appears to have abandoned this argument (see New Way Med. Supply Corp. v Infinity Group, 50 Misc 3d 128[A], 2015 NY Slip Op 51880[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).

In order to prevail on its motion for summary judgment dismissing the complaint, defendant was required to demonstrate that the insurance policy was validly canceled in accordance with Pennsylvania law (see Great Health Care Chiropratic, P.C. v Infinity Group, 50 Misc 3d 144[A], 2016 NY Slip Op 50257[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In Pennsylvania, in order for an insurance policy to be canceled due to the nonpayment [*2]of premiums, the "insurer has the burden of proving compliance with the statutory requirements for cancellation of an automobile policy of insurance . . . . An insurance policy may be cancelled by mailing to the named insured, at the address shown in the policy, a written notice of cancellation" (Nationwide Ins. Co. v Pennsylvania Ins. Dept., 779 A2d 14, 17 [Pa Commw Ct 2001]; see 40 P.S. § 991.2006; Parnell v Dept. of Transp., Bur. of Driver Licensing, 90 A3d 840 [Pa Commw Ct 2014]).

Here, the affidavit of defendant's personal injury protection litigation representative conclusorily states that defendant mailed a notice of cancellation to the insured on June 1, 2023, which informed the insured that the policy would be canceled as of June 19, 2023. The affidavit, however, provided no information regarding defendant's standard office practices and procedures for the mailing of such a notice. In addition, although the back of the notice states that "U.S. Postal Service Proof of Mailing of this Document is on file," no such proof was included with defendant's motion papers. Consequently, defendant failed to establish, as a matter of law, that the insurance policy had been canceled as of June 19, 2023 in accordance with Pennsylvania law and that, therefore, no coverage existed when the accident took place in August 2023.

Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.

TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 15, 2026